

PROVIDED TO
JEFFERSON C.I.
APR 0 7 2015
FOR MAILING
RECEIVED BY /nw/

IN THE DISTRICT COURT OF THE
NORTHERN DISTRICT OF FLORIDA

NATHANIELE WILKINS
PLAINTIFF

ACTION # _____

V.

ATTOURNEY GENERAL
PAMELA BONDI

FORMAL COMPLAINT

COMES NOW THE PLAINTIFF, PRO SE, FILING
THIS MOTION IN ACCORDANCE WITH FEDERAL
RULES OF CIVIL PROCEDURE, 5.1 (RULE) AND ALL
OTHER APPLICABLE RULES CONCERNING THIS
FORM OF ACTION, AND THE CONTENT THERE OF.

## MOTION FOR CONSTITUTIONAL CHALLENGE
## TO STATE STATUE

COMES NOW PLAINTIFF, NATHANIEL WILKINS, PRO SE, HEREINAFTER WITH A MOTION CHALLENGING THE VALIDIDY OF FLORIDA STATUE $847.135 IN THE LIGHT OF THE UNITED STATES CONSTITUTION, FEDERAL STATUTES, AND CASE LAW EMANATING FROM CONSTITUTIONAL INTERPRETATION. THE ORIGINAL ACTION PRESENTED QUESTIONS OF DIVERSITY JURISDICTION, AS PLAINTIFF RESIDED IN GEORGIA AND IS ALLEGED TO HAVE INITIATED CRIMINAL ACTIVITY THERE; THE CASE ITSELF ORIGINATED IN FLORIDA, AS THE PURPORTED CULMINATION OF THE CRIMINAL ACTIVITY TOOK PLACE WITHIN ITS BORDERS. THE PLAINTIFF ASSERTS THIS COURT MUST APPLY "STRICT SCRUTINY", BERNAL v. FAINTER, 467 U.S. 216 (1984), TO VIEW THE CONSTITUTIONALITY OF S. 847.135 IN THE LIGHT OF ARTICLE I S.8, CLAUSE 13, AND OVER-ARCHING FUNDAMENTAL RIGHTS TO PROCEDURAL AND SUBSTANTIVE DUE PROCESS AND MATTERS OF DOUBLE JEOPARDY FLOWING FROM AMENDMENT XIV, HE V, APPLIED TO THE TWO STATES IN QUESTION VIA AMENDMENT XIV. HE ASSERTS THE STATE ACTION EXCEEDED AMENDMENT X's SCOPE OF POWERS RESERVED.

### STANDING

PLAINTIFF ASSERTS HIS RIGHTS TO BRING THIS. AS THE DEFENDANT IN THE ORIGINAL FLORIDA PROSECUTION AND A RESIDENT OF GEORGIA, HE HAS BEEN IMPACTED BY ACTIONS OR OMISSIONS OF EACH OF THOSE JURISDICTIONS. FLORIDA'S CONDUCT HAS DIRECTLY CHALLENGED HIS LIBERTY INTEREST. HE RAISES AN OBVIOUSLY JUSTICIABLE CLAIM, BENNE v. GEARY, 501 U.S. AT 111 (1991), AS THE DISPUTE IS NEITHER HYPOTHETICAL NOR ABSTRACT BY ANY MEASURE.

## CONSTITUTIONAL QUESTION

"INSOFAR AS A STATUE RUNS COUNTER TO THE FUNDEMENTAL LAW OF THE LAND, IT IS SUPERCEDED THEREBY." 16 Am. Jur. 2D 177 LATE Am. Jur. 2nd, 256.
"A LAW THAT" IMPINGES UPON A FUNDEMENTAL RIGHT IMPLICITY OR EXPLICITY SECURED BY THE CONSTITUTION IS PRESUMPTIVELY UNCONSTITUTIONAL." IT IS "VOID FROM ITS INCEPTION AND NO PERSON CAN BE OBLIGATED TO OBEY SUCH A LAW." 16A AmJur 2D CONSTITUTIONAL LAW SECTION 203, PLAINTIFF SUBMITS F.S. $ 847.135 VIOLATES MULTIPLE CONSTITUTIONAL PRECEPTS, SPECIFICALLY THE "COMMERCE CLAUSE" (ARTICLE I, $ 8, CL. 13), FIFTH AMENDMENT GUARANTEES OF DUE PROCESS. HE FURTHER ALLEGES FLORIDA HAS EXCEEDED ITS POWERS BY REACHING INTO ANOTHER STATE AND PROSECUTING PLAINTIFF FOR ACTIONS THAT ARE PURPORTED TO HAVE OCCURED BEYOND THE BOUNDARIES OF THAT STATE.

## STATEMENT OF FACTS

ON JUNE 13, OF 2012, THE BAY COUNTY SHERIFF'S OFFICE AND OTHER POLICE AGENCIES WERE PART OF A JOINT I.C.A.C OPERATION. JEFF BROWN POSTED AN AD ON CRAIGSLIST POSING AS A FATHER NEEDING HELP FOR HIS DAUGHTER REGARDING A DELICATE SITUATION. WILKINS REPLIED AND WAS NOTIFIED THAT THE DAUGHTER WAS AN 11 yr. OLD FEMALE. ALL TRANSACTIONS WERE DONE VIA EMAIL.

WILKINS THEN TRAVELED FROM HAHIRA, GA. TO PANAMA CITY. IN TRANSIT, HE STOPPED AT A CONVENIENCE STORE AND BOUGHT A SLURPIE, PER THE INSTUCTIONS OF THE UNDERCOVER POLICE. AT ARRIVAL HE WAS THEN PLACED

INTO CUSTODY.

## PROCEDURAL HISTORY

1.)

SENTENCED ON SEPTEMBER 12TH OF 2013, IN THE 14TH JUDICIAL CIRCUIT, IN BAY COUNTY, FL.; TO 4 YEARS PRISON FOLLOWED BY 10 YEARS PROBATION.

2.)

A.) PLAINTIFF FILED A MOTION FOR POST CONVICTION RELIEF IN THE 14TH JUDICIAL CIRCUIT ON AUGUST 6TH, OF 2014. HE WAS DENIED ON SEPTEMBER 23RD OF 2014.

B.) PLAINTIFF FILED PETITION FOR BELATED APPEAL IN THE 1ST DISTRICT COURT OF APPEALS AND WAS DENIED ON JANUARY 20TH, OF 2015.

C.) PLAINTIFF FILED HIS PETITION OF WRIT OF HABIUS CORPUS IN THE 14TH JUDICIAL CIRCUIT, AND WAS DENIED ON MARCH 5TH OF 2015.

## ARGUMENTS

A.) STANDARD OF REVIEW:

IN ANY CASE OR CONTROVERSY WHERE FUNDAMENTAL RIGHTS ARE AT ISSUE, THE COURT MUST EMPLOY "STRICT SCRUTINY" TO ASCERTAIN WHETHER THE STATE ACTION DEPRIVING THOSE RIGHTS HAD BEEN JUSTIFIED DUE TO THE PRESENCE OF A "COMPELLING STATE INTEREST. BERNAL, SUPRA. IN A CLAIM ASSERTING A LACK OF PROCEDURAL DUE PROCESS, PLAINTIFF MUST SHOW; (1) HE HAD A LIBERTY INTEREST, AND; (2) THAT PROCEDURES ATTENDANT UPON THE DEPRIVATION OF THAT INTEREST WERE CONSTITUTIONALLY SOUND. KENTUCKY - DEPT. OF CORRECTIONS, 490 U.S. 454, 462 (1989). IN CONSIDERING WHETHER FLORIDA HAD STANDING TO PROSECUTE PLAINTIFF, THE COURT MUST

ANALYZE, AS A QUESTION OF LAW, WHETHER CONDUCT WHOLLY COMMITED IN ANOTHER STATE, AN OFFENSE SEPARATE FROM THE ACTIONS ALLEGED TO HAVE BEEN TAKEN WITHIN HER BORDERS, CONSTITUTED PROPER PROCEDURE; WHICH TRIGGERS DE NOVO REVIEW. THE ISSUE OF THE STATUTE'S VAGUENESS MUST INVOLVE EXAMINING WHETHER "MEN OF COMMON INTELLIGENCE MUST NECESSARILY GUESS AT ITS MEANING AND DIFFER AS TO ITS APPLICATION." ZWICKER v. KOOTA, 389 U.S. 241 (1967). AS TO THE QUESTION OF § 847.135's OVERBREADTH, N.A.A.C.P v. ALABAMA, 357 U.S. 449 (1958), ESTABLISHES THAT "A GOVERMENTAL PURPOSE TO CONTROL OR PREVENT ACTIVITIES CONSTITUTIONALLY SUBJECT TO REGULATION MAY NOT BE ACHIEVED BY MEANS WHICH SWEEP UNNECESSARILY BROADLY AND THEREBY INVADE THE AREA OF PROTECTED FREEDOMS." FURTHER IN, BRODDRICK v. OKLAHOMA, 413 U.S. 601 (1973), THE COURT RULED WITH MAJOR RELEVANCE TO THE INSTANT CASE, "WHERE CONDUCT AND NOT MERELY SPEECH IS INVOLVED, WE believe the OVERBREADTH OF A STATUTE MUST NOT ONLY BE REAL BUT SUBSTANTIAL AS WELL"; PLAINTIFF WILL DEMONSTRATE F.S. § 847.135's REACH WENT WELL BEYOND THE SCOPE OF THE CONSTITUTION AND NOTIONS OF FEDERALISM PER THE "OVERBREADTH" STANDARD AS WELL AS THE SEPERATION OF POWERS ESTABLISHED IN AMENDMENT X. GENERALLY SPEAKING, THIS COURT OUGHT TO REVIEW MATTERS OF FACT AND LAW IN THIS CASE THROUGH THE FOLLOWING PRECEPT; "WHERE RIGHTS SECURED BY THE CONSTITUTION ARE INVOLVED," THERE CAN BE NO RULE-MAKING OR LEGISLATION WHICH WOULD ABROGATE THEM, MIRANDA v. ARIZONA, 384 U.S. 436 (1966).

B.) ARGUMENT ON THE MERITS

1.) INTERSTATE COMMERCE:

THE U.S. CONGRESS CAN, UNQUESTIONABLY, REGULATE COMMERCE IN AND AMONG THE SEVERAL STATES TO ITS "UTMOST EXTENT" AND "KNOW NO LIMITATION, OTHER THAN THOSE PARTICULARLY PROSCRIBED BY THE CONSTITUTION." McCULLOCH v. MARYLAND (GET CITE; EARLY 1800's). HOWEVER, THAT SAME REGULATORY POWER HAS NOT BEEN GRANTED TO ANY STATE SUFFICIENT TO ALLOW IT TO GRASP DEFENDANTS FROM ONE OF THE OTHER FORTY-NINE. MOREOVER, IF THE "COMMERCE" IN QUESTION IS, BY DEFINITION, "INTERSTATE", IT IS DUBIOUS AS TO WHETHER A STATE HAS ANY POWER TO OFFER ANY SWEEPING REGULATION OF THE TRANSACTIONS AT ALL, UNLESS THOSE DEEMED CRIMINAL ACTS TAKE PLACE ENTIRELY WITHIN THAT SINGLE STATES JURISDICTION, I.E., "INTERSTATE."

THE INSTANT CASE IS BASED UPON AN ALLEGED CRIMINAL ACT THAT PURPORTEDLY BEGAN ONLINE IN THE STATE OF GEORGIA. THE INTERNET, AS IT IS A "WORLDWIDE WEB" IS IS UNQUESTIONABLY NOT AN INTERSTATE CONCERN UNIQUE ONLY TO THE STATE OF FLORIDA. THE U.S. CONGRESS AND ADMINISTRATIVE ARMS OF THE WHITE HOUSE SET LIMITATIONS, CONTROLS, AND DEFINE ONLINE ACTS THAT CONSTITUTE CRIMINAL BEHAVIOR. THIS INTERSTATE REGULATORY POWER IS NOT SHARED. WITH THE STATES "WHERE FEDERAL ADMINISTRATION HAS MADE COMPREHENSIVE REGULATIONS EFFECTIVELY COVERING THE SUBJECT MATTER OF A STATUTE UNDER [THE INTERSTATE COMMERCE] CLAUSE, STATE REGULATION IN THE FIELD OF THE STATUTE IS INVALID, EVEN THOUGH THAT PARTICULAR PHASE OF THE SUBJECT MATTER HAS NOT BEEN TAKEN UP BY THE FEDERAL AGENCY" BETHLEHEM STEEL CO. v. NEW YORK STATE LABOR RELATIONS BOARD, 675 S. CT. 1026 (    ).

THE FEDERAL GOVERNMENT HAS DIRECTLY ADDRESSED THE INTERSTATE COMMERCE PERTINENT TO THE CASE-AT-HAND IN 18 USCA § 2422(B), AND IN ALL OF CHAPTER 17, TRANSPORTATION FOR ILLEGAL SEXUAL ACTIVITY AND RELATED ACTS, OF TITLE 18, CRIMES AND CRIMINAL PROCEDURE. IN THE FACE OF FEDERAL ACTION, PER THE BETHLEHEM RULE, THE STATE IS ENJOINED FROM FURTHER REGULATION; PER ARTICLE XI § 2 OF THE CONSTITUTION, "THE SUPREMACY CLAUSE", A CONFLICTING STATUTE FROM FLORIDA IS NULLIFIED, AS THE FEDERAL LAW IS DEEMED THE SUPREME LAW OF THE LAND.

FLORIDA STATUTE § 847.135(7) STATES: "A PERSON IS SUBJECT TO PROSECUTION IN THIS STATE... FOR ANY CONDUCT PROSCRIBED BY THIS SECTION WHICH THE PERSON ENGAGES IN WHILE EITHER WITHIN OR OUTSIDE THIS STATE. IN THE INSTANT CASE, PLAINTIFF IS ACCUSED OF RESPONDING TO AN EMAIL AD PLACED ON AN INTERNET MESSAGE BOARD RELATING TO A CALL FOR PERSONS INTERESTED IN HELPING A DEVOUT WICCAN COUPLE TO BRING THEIR UNDERAGE CHILD INTO "WOMANHOOD." THE TYPED RESPONSE WAS COMPOSED AND ENTERED IN GEORGIA.( THE COMPUTER WAS IN GEORGIA. PLAINTIFF WAS IN GEORGIA. FEDERAL STATUTES PROHIBITED THIS ALLEGED ACTIVITY AND SUPPLY A SACTION IF, AFTER PROSECUTION, A DEFENDANT IS ADJUDGED GUILTY OF ITS VIOLATION. GEORGIA SURELY COULD HAVE OPTED TO ACT UPON THE INCIDENT AS THE ACCUSED PARTY WAS AND IS A RESIDENT, AND WAS WHOLLY WITHIN THE STATE AT THE TIME. SINCE THE AD WAS ACCESSIBLE ANYWHERE, INTERSTATE COMMERCE GUIDELINES APPLY. BUT PLAINTIFF ARDENTLY CONTENDS FLORIDA HAD NO STANDING TO INITIATE HIS PROSECUTION, NOR COULD SHE USURP THE RIGHT TO DO SO BY PROMULGATING F.S. § 847.135 OVER AND ABOVE

EXISTING FEDERAL LAWS, NEITHER THE FEDERAL
GOVERNMENT NOR GEORGIA INITIATED ANY PROSECUTION.
   "THE JUDICIAL POWER OF A CIRCUIT JUDGE IS LIMITED
TO THE TERRITORY OF HIS/HER CIRCUIT". SO SAID FLORIDA
IN ATLANTIC COAST R.R. CO. v. MALLARD, 53 [ ] 515
(FLA.    ). BUT F.S. § 847.135 (7) ALLOWS A CIRCUIT TO
EXTEND ITS SANCTION-BEARING REACH, PRESUMABLY, INTO
ANY HOME, BUSINESS, SMARTPHONE, OR LAPTOP ANYWHERE
WITHIN OR BEYOND ITS OWN JURISDICTIONAL TERRITORY,
BEYOND THE CONFINES OF THE NATION INCLUDING ITS
TERRITORIES, AIRSPACE, WATERS- ANYWHERE- OUTER SPACE,
IF WIFI ALLOWS COMPUTER TRANSMISSION THEREFROM.
F.S. § 847.135 ATTEMPTS TO TRUMP FEDERAL EFFORTS TO
REGULATE CRIMINAL INTERSTATE COMMERCE VIA THE
INTERNET, IN THIS CASE, SOLICITATION OF A "MINOR", (THOUGH
THE POTENTIAL VICTIM IN QUESTION WAS IN FACT A BAY
COUNTY DEPUTY WORKING, WITH NOBLE INTENTIONS, ON A
STING OPERATION. BUT THE BOGUS AD VENTURED INTO
INTERSTATE COMMERCE; IN SO DOING, AND PER A MOUNTAIN
OF LAW, THIS AGENT OF THE STATE OF FLORIDA SIMPLY CAST
HIS NET TO FAR. F.S. § 847.135 EVEN CROSS REFERENCES
ITSELF TO F.S. § 948.15 (2), AN EQUALLY IMPERMISSIBLE
STATUTE PROCLAIMING THAT IF AN INTERNET COMMUNICATION
REACHES ANY FLORIDA COUNTY AND IS "ILLEGAL", THE
COMMUNICATION IS PROCLAIMED TO HAVE BEEN MADE IN EVERY
FLORIDA COUNTY. NO ASPECT OF INTERSTATE COMMERCE
REGULATION CAN OVERCOME A CONSTITUTIONAL PROSCIPTION.
IF A SINGLE ACT COULD BE PROSECUTED IN MULTIPLE
JURISDICTIONS RESULTING IN MULTIPLE PUNISHMENTS. "THE
EVIL AT WHICH THE DOUBLE JEOPARDY CLAUSE [AMENDMENT V]
IS AIMED IS NOT THAT OF BEING PUNISHED TWICE, BUT THE
RISK OF BEING PUNISHED TWICE FOR THE SAME OFFENSE."
PRICE v. GEORGIA, 398 U.S. 323 (1970). JEOPARDY ATTACHED
TO PLAINTIFF AS SOON AS HIS JURY HAD BEEN SELECTED AND

SWORN; THE KEY ADDITION TO THAT STATEMENT IS, THAT THE COURT OF RECORD AT TIME JEOPARDY ATTACHED, PER THE PLAINTIFF'S CONTENTION, DID NOT HAVE THE POWER TO PROSECUTE PER ATLANTIC COAST, SUPRA. RETRIAL ELSE-WHERE WAS NOT POSSIBLE, THEREFORE, IT IS INCUMBENT UPON THIS COURT TO DETERMINE WHETHER BAY COUNTY, FLORIDA HAD STANDING TO PROSECUTE. WALLER v. FLORIDA, 397 U.S. 387 (1970) FURTHER OFFERS THAT LOCAL-LEVEL PROSECUTIONS BAR SUBSEQUENT STATE-LEVEL PROSECUTIONS AND VICE-VERSA. THE "ANY COUNTY, EVERY COUNTY" PROVISION MUST FALL.

THE INTERNET IS AN INSTUMENT OF COMMERCE. AMERICAN LIBRARIES ASS'N v. PATAKI, 969 F. SUPP. 16 (     ). THE SPECIAL NATURE OF INTERNET COMMUNI-CATIONS PROMPTED THE U.S. CONGRESS TO ENACT 18 U.S.C.A § 2422-23. PLAINTIFF'S ALLEGED ACT WAS HITTING "SEND" ON AN EMAIL COMPOSED UPON, SENT FROM, AND RESPONED TO USING A COMPUTER HOUSED IN GEORGIA. WHAT FOLLOWED THAT TRIGGER BROUGHT HIM TO FLORIDA ONLY AFTER THE "VICTIM" ACCEPTED THE SOLICITATION, AND THOSE EVENTS WOULD NOT HAVE TRANSPIRED BUT FOR BAY COUNTY'S SHERIFF'S OFFICE ALLOWING DEPUTIES TO POST THE ORIGINAL BAIT MESSAGE BEYOND BAY, BEYOND FLORIDA, AND INTO CYBERSPACE WITH NO RESTRICTIONS ON ACCESS OR RESPONSE PROTOCOL.

THE LACK OF RELIABILITY, THAT IS, "BLIND FAITH" ASSOCIATED WITH THE TRUE SENDER OF AN INTERNET MESSAGE AND HIS OR HER INTENTIONS IS WELL DOCU-MENTED. MANY USERS ESCAPE THE CONFINES OF THEIR OWN STANDARDS AND MORALS AND VENTURE INTO FANTASY, FETISH, OR OTHER ROLES MADE POSSIBLE BY ANNONYMITY. WE CANNOT KNOW THE INTENT BEHIND A STRANGER'S EMAIL, (OR A KNOWN PERSON'S COMMUNIQUE ALL TOO OFTEN). BUT FEDERAL LAW STEPPED IN AND DREW A LINE IN THE SAND - "ENTER" AT YOUR OWN RISK. SIMPLY PUT,

FLORIDA CANNOT LEAP ONTO THE SLIPPERY SLOPE SAYING, "US OR TOO" AND TRY ITS HAND AT ENFORCING ITS WILL NATIONWIDE. FURTHER, WHEN FLORIDA'S LAW CONFLICTS WITH THAT OF THE FEDERAL GOVERNMENT, THE STATE HAS ENTERED A FANTASY LAND WHERE WHIM AND CAPRICE REPLACE JUSTICE AND REASON.

ALSO OF MAJOR IMPORTANCE IN THE EXAMINATION OF INTERSTATE COMMERCE VIA THE INTERNET IS THE TOPIC OF ROUTE OF TRANSMISSION. THROUGH A SERIES OF HEARINGS, CASES, AND LEGISLATIVE EFFORTS, THE CONCLUSION REACHED HAS BEEN THAT NO ONE – NO ISP, NO SATTELITE, NO TELECOMMUNICATIONS GIANT, NO NSC OR CIA – CAN DETERMINE WHERE INTERNET MESSAGES MIGHT GO BEFORE REACHING THEIR INTENDED RECIPIENT. THERE IS NO MODE OF CONCLUDING A MESSAGE WAS ENTIRELY INTRASTATE. ALL MESSAGES ARE THUS CONSIDERED INTERSTATE. SEE KAMOURSALL v. UNITED STATES, 196 F. 3D. 1137 (    ); AMERICAN LIBRARIES AT 16.

WITH ROUTE OF TRANSMISSION CONCERNS IN MIND, PLAINTIFF DRAWS ATTENTION TO THE EXTRATERRITORIAL NATURE OF F.S. § 847.135. HEALY v. _____, 491 U.S. 336 (    ), HOLDS STATE STATUTES ARE PRECLUDED FROM APPLICATIONS OCCURRING WHOLLY OUTSIDE THE STATE'S BORDER. HERE, THE ENTIRE OFFENSE TOOK PLACE IN GEORGIA, ALL PLAINTIFF DID IN FLORIDA AMOUNTED TO NOTHING MORE THAN CROSSING ITS BORDER, BUYING GAS, AND PICKING UP A SLURPIE – THERE WAS NO ACTUS REAS IN THAT STATE. HEALY ALSO ADDS THAT, GIVEN THESE FACTS, EVEN IF THE COMMERCE IN QUESTION HAD AN EFFECT IN FLORIDA, THE PUNISHABLE CONDUCT ALLEGED OCCURRED ELSEWHERE. IN BROWN v. FORMAN, 476 U.S. 574 (    ), THE COURT EMPHASIZED THE CONSIDERATIONS THAT MUST BE GRANTED TO HOW STATUTES INTERACT WITH LEGITIMATE STATUTORY

REGULATIONS OF OTHER STATES. "THE COMMERCE CLAUSE PROTECTS AGAINST INCONSISTENT REGULATION AND THE PROJECTION OF ONE'S REGULATORY REGIME INTO THE JURISDICTION OF ANOTHER STATE." BROWN (EMPHASIS ADDED).

STATE CONCERNS ABOUT, AND REGULATION OF, COMMERCE ARE SUBORDINATE TO THOSE OF THE FEDERAL GOVERNMENT. IN ACLU V. JOHNSON, 194 F 3D 1149 (___ CIR ___ YR.), THE COURT CONCLUDED THAT A NEW MEXICO REGULATION INTENDED TO KEEP MINORS FROM ACCESSING MATERIAL DEEMED "HARMFUL" AND ORIGINATING OUTSIDE THE STATE VIOLATED THE COMMERCE CLAUSE. AMERICAN BOOKSELLERS ASS'N V. DEAN, 342 F. 3D. 196 (     ), STRUCK DOWN A VERMONT STATUTE THAT AIMED TO PROTECT MINORS FROM EXPOSURE TO SEXUALLY EXPLICIT MATERIALS BECAUSE VERMONT PROJECTED ITSELF INTO THE OTHER STATES, IMPOSING ITS WILL BEYOND ITS BORDERS IN VIOLATION OF THE COMMERCE CLAUSE. F.S. § 847.135 DOES THE SAME. A SOUTH CAROLINA STATUTE WAS JUDGED VIOLATIVE OF THE COMMERCE CLAUSE BECAUSE IT "SUBJECTED INTERSTATE INTERNET USE TO INCONSISTENT REGULATION" IN ITS EFFORT TO PREVENT OBSCENE MATERIAL FROM MINORS. SOUTHEASTERN BOOKSELLERS ASS'N V. McMaster, 282 F. SUPP. 2D. 384. ACCORDINGLY F.S § 347.135 MUST FALL AND RELIEF MUST ISSUE.

2. OVERBREDTH:
THE SCOPE OF F.S. § 847.135 IS IMPERMISSIBLY BROAD DUE TO ITS EXTRATERRITORIAL REACH AND ITS "REAL AND SUBSTANTIAL" EFFECT UPON CONDUCT REGULATED BY THE FEDERAL GOVERNMENT THROUGH LAWS FLOWING FROM THAT BODIES EXCLUSIVE POWER TO

REGULATE. AS THE IMPERMISSIBLE REACH OF THE
STATUTE GRABBED PLAINTIFF FROM GEORGIA AND
DELIVERED HIM TO A BAY COUNTY, FLORIDA COURTROOM,
UNQUESTIONABLY PLAINTIFF'S LIBERTY INTEREST WAS
COMPROMISED. WITH THE MANDATORY LANGUAGE OF
F.S. § 847.135, PHRASES SUCH AS "ANY CONDUCT" AND
"WITHIN OR OUTSIDE OF THE STATE" SUBSTANTIVE
PREDICATES EXIST WHICH GREATLY RESTRICT THE
TRIAL COURT'S DISCRETION. STATED SIMPLY, THE
STATUTE'S POWER SNARED GEORGIA'S PLAINTIFF.

THE SAFEGUARD OF PROCEDURAL DUE PROCESS FAILED
TO KEEP PLAINTIFF FROM IMPROPER EVISCERATION OF
HIS FUNDEMENTAL RIGHT TO LIBERTY, TO EXPRESSION
VIA EMAIL, AND ANY SECURITY HE MAY HAVE HAD WITH
REGARD TO THE PRIVACY OF HIS INTERNET COMMUNICA-
TION — BUT HERE, THE ARGUMENT IS LIMITED TO
LIBERTY. PLAINTIFF COULD HAVE BEEN CHARGED WITH
A FEDERAL CRIME, AS LAWS EXIST THAT ENABLED THE
F.B.I. OR ANY FEDERAL LAW ENFORCEMENT AGENCY
TO PROSECUTE, THEY DECLINED. THAT LEFT A PROCEDUR-
AL WINDOW OPEN FOR GEORGIA TO ATTEMPT THE
PROSECUTION OF ONE OF ITS RESIDENTS. THEY
DECLINED. HOWEVER, PER THE INTERSTATE COMMERCE
ARGUMENT ABOVE, AND ESPECIALLY THE IMPROPRIETY
OF FLORIDA'S PROJECTION OF ITS LEGISLATIVE AGENDA
ONTO THE REST OF THE NATION, AND THE WORLD FOR THAT
MATTER, DUE PROCESS FAILED TO KEEP FLORIDA FROM
OVERSTEPPING AND SHOOTING A FLEA WITH BIRDSHOT.
PLAINTIFF COULD NOT BE HEARD "AT A MEANINGFUL
TIME AND A MEANINGFUL MANNER" AS THE COURT HE
FOUND HIMSELF IN HAD NO JURISDICTION TO PROSECUTE.
JURISDICTION REQUIRES ADHERENCE TO THE BILL OF
RIGHTS — SINCE AMENDMENT V'S DUE PROCESS AND
DOUBLE JEOPARDY CLAUSES WERE OVERLOOKED IN THIS

PROSECUTION, AS AMENDMENT X's SEPARATION OF
POWERS; SINCE INTERSTATE COMMERCE REGULATION
IS AN EXCLUSIVELY FEDERAL DOMAIN, THE POWER OF
FLORIDA TO ACT AS THE FEDERAL GOVERNMENT AN
PROSECUTE A NON-RESIDENT WHO OFFENDED OUTSIDE HER
BOUNDARIES IS NOT SUPPORTED UNDER FEDERALISM.

3. VAGUENESS:
   A STATUTE IS IMPERMISSIBLE VAGUE IF PERSONS
OF ORDINARY INTELLIGENCE ARE FORCED TO GUESS ITS
SCOPE AND MEANING. BIOS v. LANE, 812 F. 2D. 1032, 1038
(7TH CIR), CERT DENIED, 483 U.S. 1001 (1987). A STATUTE
CAN ALSO SUFFER FROM IMPERMISSIBLE VAGUENESS AS
APPLIED IF REASONABLE PERSONS WOULD DIFFER AS TO
HOW THE STATUTE IS SUPPOSED TO FUNCTION OR WHAT
SPECIFIC CONDUCT IT AIMS TO RESTRICT. SMITH v. ROWE,
761 F. 2D. 360, 364 (7TH CIR 1985).
   IN READING F.S. § 847.135, IT WOULD SEEM SUB-
SECTION 2, PROVIDING THE "ANY COUNTY, EVERY COUNTY"
RULE DICUSSED ABOVE IS VAGUE, AS IT DOES NOT BAR
MULTIPLE COUNTIES FROM THE OPPORTUNITY TO
PROSECUTE PLAINTIFF ON THE BASIS OF A SINGLE ALLEGED
EVENT. SUBSECTION 7, IT IS UNCLEAR WHETHER, IN
ORDER TO PROSECUTE "THE PERSON" MUST BE A
FLORIDIAN, OR CAN SIMPLY BE, AS PLAINTIFF WAS,
ANYONE FROM ANYWHERE WHOSE COMPUTER MAKES
CONTACT WITH A FLORIDIAN. WHETHER VAGUE "ON ITS
FACE" AS THESE STATUTES ARE (SEE: JENKINS v. WERGER
564 F. SUPP 806, 807-808 (D. WYO. 1983), OR VAGUE IN HOW
THEY ARE APPLIED, (BIOS at 1038-1039) THE PROVISIONS
VIOLATE THE DUE PROCESS CLAUSE BY ABRIDGING
PLAINTIFF'S FUNDAMENTAL RIGHT TO LIBERTY.

## CONCLUSION

"CONGRESS ALONE, AND NOT THE STATES, IS ENTITLED TO PRESCRIBE THE FINAL AND DOMINATING RULES, SINCE OTHERWISE, CONGRESS WOULD BE DENIED THE EXERCISE OF CONSTITUTIONAL AUTHORITY OVER THE STATES, AND THE STATE, NOT THE NATION, WOULD BE SUPREME IN THE NATIONAL FIELD." CUBBIN v. WALLACE, 306 U.S. (   ). WITH REGARD TO INTERSTATE INTERNET COMMERCE AND THE CRIMINALIZATION OF CERTAIN PRACTICES WITHIN THAT REALM, CONGRESS HAS SPOKEN. FLORIDA HAS DECIDED TO ADD ITS VOICE THROUGH FLORIDA STATUTE § 847.135, AN OVERBREAD, VAGUE ATTEMPT AT EXTENDING ITS JURISDICTIONAL REACH TO POINTS NORTH AND WEST AND IN ALL OTHER DIRECTIONS. THE LANDMARK CASE KASSEL v. CONSOLIDATED FREIGHT, 45 U.S. 665 (   ), ESTABLISHED THE "UNDUE BURDEN" TEST, HOLDING THE COMMERCE CLAUSE BANS REGULATIONS THAT, THOUGH NON-DISCRIMINATORY ON THEIR FACE, TAKE AN UNWARRANTED STANCE IN CURTAILING INTER-STATE COMMERCE. IN SOUTHEASTERN BOOKSELLERS, SUPRA, THE UNDUE BURDEN TEST WAS AFFIRMED EVEN IN OBSENITY CASES. FLORIDA SIMPLY CANNOT BE PERMITTED TO EXACT ITS WILL UPON AMERICANS WHO DO NOT CALL THAT STATE HOME.

## RELIEF SOUGHT

THE PLAINTIFF ASKS THE COURTS TO GRANT APPROPRIATE RELIEF INCLUDING BUT NOT LIMITED TO THE FOLLOWING:

1. AN INJUNCTION AGAINST ENHANCEMENT OF FLORIDA STATUTE 847, 0135

2. AN ORDER TO JUDGE MICHAEL OVERSTREET IN THE 14th JUDICIAL CIRCUIT, BAY COUNTY TO VACATE SENTENCE AND JUDGEMENT AGAINST PLAINTIFF FOR VIOLATION OF FLORIDA STATUTE 847, 0135

DATE: 4/7/15

Nathaniel Wilkins

<u>CERTIFICATE OF SERVICE</u>

   I HEREBY CERTIFY THAT A TRUE AND CORRECT
COPY OF THIS MOTION / COMPLAINT HAVE BEEN
PROVIDED TO THE OFFICIAL AT MY INSTITUTION
RESPONSIBLE FOR LEGAL MAIL DELIVERY ON THIS
<u>Seventh</u>, DAY OF <u>April</u>, 2015.
TO BE DELIVERED TO THE PARTIES LISTED BELOW


OFFICE OF THE ATTOURNEY GENERAL
THE CAPITAL PL - 02
TALLAHASSEE, FL. 32399 - 1050


CLERK OF THE COURT
111 W. ADAMS ST.
STE. 232
TALLAHASSEE, FL. 32301 - 7730

## OATH

'I DECLARE UNDER PENALTY OF PERJURY
THAT THE FORGOING IS TRUE AND CORRECT:
EXECUTED ON mm 4 DAY 7 YR, 2015

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT A TRUE COPY, HERE
OF THE FORGOING CONSTITUTIONAL CHALLENGE
TO A STATE STATUTE HAS BEEN FURNISHED FOR
MAILING BY U.S. MAIL ON THIS 7 DAY, April, OF
2015, TO CLERK OF DISTRICT COURT, NORTHERN
DISTRICT OF FLORIDA AND THE OFFICE OF THE
ATTOURNEY GENERAL, PAMELA BONDI.

EXECUTED ON DD 7 mm 4 YR 2015

RESPECTFULLY SUBMITTED

/S/ Nathaniele Wilkins
NATHANIELE WILKINS, PRO SE
DC# Q28112
1050 BIG JOE ROAD
MONTICELLO, FL. 32344

